IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| DANIEL R. SANDERS,<br><br>        Plaintiff,<br><br>    vs.<br><br>OFFICE OF THE REGIONAL CHIEF COUNSEL, REGION X SOCIAL SECURITY ADMINISTRATION,<br><br>        Defendant. | CIVIL NO. 21-000163 JAO-WRP<br><br>ORDER DISMISSING ACTION AND DENYING APPLICATION TO PROCEED IN FORMA PAUPERIS |

### ORDER DISMISSING ACTION AND DENYING APPLICATION TO PROCEED IN FORMA PAUPERIS

Before the Court is pro se Plaintiff Daniel Sanders' ("Plaintiff") Application to Proceed In Forma Pauperis ("IFP Application"), filed March 25, 2021. For the following reasons, the Court DISMISSES the Complaint with leave to amend and DENIES the IFP Application. ECF No. 2.

### DISCUSSION

I.  Dismissal of the Complaint Under the In Forma Pauperis Statute – 28 U.S.C. § 1915(e)(2)

Plaintiff requests leave to proceed in forma pauperis. A court may deny leave to proceed in forma pauperis at the outset and dismiss the complaint if it appears from the face of the proposed complaint that the action: (1) is frivolous or

malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2); *see Tripati v. First Nat'l Bank & Trust*, 821 F.2d 1368, 1370 (9th Cir. 1987); *Minetti v. Port of Seattle*, 152 F.3d 1113, 1115 (9th Cir. 1998).  When evaluating whether a complaint fails to state a viable claim for screening purposes, the Court applies Federal Rule of Civil Procedure ("FRCP") 8's pleading standard as it does in the context of an FRCP 12(b)(6) motion to dismiss.  *See Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012).

FRCP 8(a) requires "a short and plain statement of the grounds for the court's jurisdiction" and "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(1)–(2).  Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly.  *See Jones v. Cmty. Redev. Agency*, 733 F.2d 646, 649 (9th Cir. 1984).  "The Federal Rules require that averments 'be simple, concise and direct.'" *McHenry v. Renne*, 84 F.3d 1172, 1177 (9th Cir. 1996).  FRCP 8 does not demand detailed factual allegations.  However, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*  "[A] complaint must contain sufficient factual matter, accepted as

true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014) (citations and quotations omitted).  A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*, 556 U.S. at 678.

In the present case, even construing Plaintiff's Complaint liberally, *Bernhardt v. Los Angeles County*, 339 F.3d 920, 925 (9th Cir. 2003); *Jackson v. Carey*, 353 F.3d 750, 757 (9th Cir. 2003), the Court finds that dismissal is appropriate.  The basis for this action is unclear.  On one hand, Plaintiff attempts to appeal a Social Security Appeals Council decision,[1] yet he also alleges that the U.S. Air Force denied him the ability to petition the Social Security Administration for disability benefits on July 26, 1991.[2]  *Compare* Compl. at 2 with *id.* at 4.

---

[1] Included in the caption of the Complaint is a demand for trial.  To the extent Plaintiff might be requesting a jury trial, he is not entitled to one.  *See Lee v. Astrue*, No. CV 09-00245 ACK-KSC, 2010 WL 346452, at *1 (D. Haw. Jan. 29, 2010) ("A jury is not available under 42 U.S.C. § 405(g) . . . because the statute does not affirmatively and unambiguously grant a right to a jury trial." (citing *Lehman v. Nakshian*, 453 U.S. 156, 168 (1981)); *Greene v. Comm'r of the Soc. Sec. Admin.*, 194 F. App'x 415, 416 (9th Cir. 2006).  Nor are trials conducted in social security appeals.  *See* 42 U.S.C. § 405(g) ("The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security.").

[2] No one associated with the U.S. Air Force is named as a defendant.

Plaintiff requests the application of Social Security rules and regulations circa 1990 — prior to changes made in 2017 regarding disabled veterans — due to his inability to seek disability benefits.[3]  *Id.* at 4.

Courts must screen social security appeals, even though they are appeals of right.  *See Jaime B. v. Saul*, No. 19-CV-02431-JLB, 2020 WL 1169671, at *2 (S.D. Cal. Mar. 10, 2020); *Hoagland v. Astrue*, No. 1:12-CV-00973-SMS, 2012 WL 2521753, at *1 (E.D. Cal. June 28, 2012) (citation omitted); Plaintiff has not cited any legal provisions to support his claims, but assuming this is a social security appeal, 42 U.S.C. § 405(g) establishes conditions that a plaintiff must satisfy to obtain judicial review.  Courts have also identified specific requirements to survive screening:

> First, the plaintiff must establish that he has exhausted h[is] administrative remedies pursuant to 42 U.S.C. § 405(g), and that the civil action was commenced within sixty days after notice of a final decision.  Second, the complaint must indicate the judicial district in which the plaintiff resides.  Third, the complaint must state the nature of the plaintiff's disability and when the plaintiff claims she became disabled.  Fourth, the complaint must contain a plain, short, and concise statement identifying the nature of the plaintiff's disagreement with the determination made by the Social Security Administration and show that the plaintiff is entitled to relief.

---

[3] It is unclear what authority would entitle him to such relief.  *See Butler v. Apfel*, 144 F.3d 622, 624 (9th Cir. 1998) (explaining that remedies are limited to those expressly provided for in the Social Security Act (citing *Schweiker v. Chilicky*, 487 U.S. 412, 423–24 (1987)).

*Montoya v. Colvin*, No. 16-cv-00454-RFB-NJK, 2016 WL 890922, at \*2 (D. Nev. Mar. 8, 2016) (citations omitted).

Applying these standards, Plaintiff's Complaint is deficient. He does not identify the decision he challenges nor the bases for his objections. Moreover, he does not allege that he exhausted administrative remedies[4] or that the action is timely. Indeed, not only are there questions about the timeliness of the case pursuant to § 405(g), any allegations about acts and events occurring 30 years ago would be time barred and appear to be irrelevant regardless. In addition to these defects, Plaintiff failed to name the proper defendant. If Plaintiff intends to challenge a social security decision, the Commissioner of Social Security is the proper defendant. *See Butler*, 144 F.3d at 624. For these reasons, Plaintiff's Complaint fails to state a claim for relief and must be dismissed. *See Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) ("[S]ection 1915(e) not only permits but requires a district court to dismiss an in forma pauperis complaint that fails to state a claim." (citation omitted)).

Because it is possible that amendment could cure the defects identified herein, the Court grants Plaintiff leave to file an amended pleading. Any amended complaint — which should be titled "First Amended Complaint" — must be filed

---

[4] Plaintiff's reference to the Appeals Council suggests that he potentially exhausted administrative remedies.

by **May 3, 2021** and must cure the deficiencies identified above. Moreover, Plaintiff is advised that Local Rule 10.4 requires that "any party filing . . . an amended complaint . . . shall reproduce the entire pleading as amended and may not incorporate any part of a prior pleading by reference, except with leave of court." Local Rule 10.4. As a general rule, an amended complaint supersedes the original complaint. *See Lacey v. Maricopa County*, 693 F.3d 896, 927 (9th Cir. 2012). Thus, if Plaintiff files an amended complaint, the Complaint no longer serves any function in the case, and any claims that are not included in the amended complaint may be deemed waived. *See id.* at 928.

Plaintiff is cautioned that failure to timely file an amended pleading that conforms with this Order will result in the automatic dismissal of this action.

II.     IFP Applications

The Court may authorize the commencement or prosecution of any suit without prepayment of fees by a person who submits an affidavit that the person is unable to pay such fees. 28 U.S.C. § 1915(a)(1). "An affidavit in support of an IFP application is sufficient where it alleges that the affiant cannot pay the court costs and still afford the necessities of life." *Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015) (citing *Adkins v. E.I. Du Pont De Nemours & Co., Inc.*, 335 U.S. 331, 339 (1948)). Absolute destitution is not required to obtain benefits

under the IFP statute, but "a plaintiff seeking IFP status must allege poverty 'with some particularity, definiteness and certainty.'" *Id.* (citation omitted).

Plaintiff represents that he receives a $3,300.00 monthly stipend from the Department of Veteran Affairs; has $1,500.00 and $312.20 in his savings and checking accounts, respectively; and pays approximately $1,873.03 in monthly expenses. ECF No. 2. He also claims that his wife depends on him but does not disclose the amount he contributes to her support, as required by paragraph 7. *See id.* at 2. Giving Plaintiff the benefit of the doubt and assuming that he supports a two-person household, however, his annual income exceeds the $20,040.00 poverty threshold in Hawai'i. Annual Update of the HHS Poverty Guidelines, 86 Fed. Reg. 7732-0185 (Feb. 1, 2021). Based on this information, Plaintiff appears to have adequate financial resources to pay the filing fee. Consequently, the Court DENIES the IFP Application. If Plaintiff wishes to proceed with this lawsuit, he must remit the applicable filing fee by **April 15, 2021**. Failure to do so will result in the automatic dismissal of this action.

## CONCLUSION

In accordance with the foregoing, Court: (1) DISMISSES the Complaint with leave to amend as permitted herein and (2) DENIES the IFP Application. ECF No. 2. Plaintiff's deadline to pay the filing fee is **April 15, 2021**. If Plaintiff

elects to file an amended complaint, he must comply with the following requirements:

(1)   The deadline to file an amended complaint is **May 3, 2021**;

(2)   The amended complaint should be titled "First Amended Complaint";

(3)   Plaintiff must cure the deficiencies identified above; and

(4)   Plaintiff may not add new causes of action without leave of court. Any amendments must be limited to the causes of action asserted, if legally sound.

Plaintiff is cautioned that failure to timely pay the filing fee will result in the automatic dismissal of this action.  Dismissal will also result if Plaintiff fails to file an amended pleading that conforms with this Order.

IT IS SO ORDERED.

DATED:   Honolulu, Hawaiʻi, April 1, 2021.



Jill A. Otake
United States District Judge

Civil No. 21-00163 JAO-WRP, *Sanders v. Office of the Reg'l Chief Couns., Region X Soc. Sec. Admin.*; ORDER DISMISSING ACTION AND DENYING APPLICATION TO PROCEED IN FORMA PAUPERIS